56 F.3d 66
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Willie WHITT, Plaintiff-Appellant,
v.
Christine BRADLEY; Fred Rainey; Kelly Hadley; Annie Cutter;
Kenneth Carroll; Daniel Enochs, Defendants-Appellees.
 No. 94-6226.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Willie Whitt appeals pro se from a district court judgment dismissing a civil rights action that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Whitt sued various state corrections employees alleging that they had violated his constitutional rights to due process and to be free from cruel and unusual punishment while he was incarcerated. On August 31, 1994, the district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d), because Whitt had not raised an arguable due process or Eighth Amendment claim. It is from this judgment that Whitt now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 An indigent plaintiff who states an arguable claim is entitled to service of process, even though he ultimately may not be entitled to relief. Neitzke v. Williams, 490 U.S. 319, 329-30 (1989). However, a complaint may be dismissed as frivolous under 28 U.S.C. Sec. 1915(d), if it "lacks an arguable basis either in law or in fact." Id. at 325. The dismissal of a case under Sec. 1915(d) is reviewed for an abuse of discretion on appeal. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). The district court did not abuse its discretion here because Whitt has not alleged an arguable claim against any of the defendants.
 
 
 4
 Whitt first alleged that defendant Hadley charged him with a false misconduct violation for threatening an employee. Issuing a false misconduct charge does not violate substantive due process unless the defendant's conduct shocks the conscience and implicates the plaintiff's constitutionally protected rights. Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir. 1988). Whitt has not raised an arguable claim against Hadley in the present case, as he has not alleged that her actions were retaliatory or otherwise impermissible under the Constitution. See id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986).
 
 
 5
 Whitt alleged that his prehearing segregation violated due process and his right to be free from cruel and unusual punishment. A prisoner confined to prehearing segregation is only entitled to: 1) notice of the reasons for his transfer; 2) an opportunity to present his views to the appropriate prison officials; and 3) a nonadversarial review by the decisionmaker of those reasons and views within a reasonable time. Black v. Parke, 4 F.3d 442, 447-48 (6th Cir. 1993). Whitt did not allege that the defendants violated any of these requirements. Instead, he apparently argues that the defendants did not comply with an institutional policy, which required that a hearing be held on Hadley's charge within 72 hours. However, the alleged violation of this state procedural rule does not rise to the level of a federal due process violation. See id. at 447. Therefore, Whitt has not raised an arguable due process claim regarding his prehearing segregation. See Childs v. Pellegrin, 822 F.2d 1382, 1387 (6th Cir. 1987). Whitt also alleged that the defendants violated his rights under the Eighth Amendment by confining him in maximum lock down past the 72 hour period. This claim also fails because Whitt has not alleged that his prehearing confinement resulted in the unnecessary and wanton infliction of pain. See Ingraham v. Wright, 430 U.S. 651, 664 (1977).
 
 
 6
 Whitt generally alleged that he was denied his right to be a witness on his own behalf and that defendant Enochs failed to take adequate minutes of his disciplinary hearing. However, he has not raised these claims on appeal. They are, therefore, abandoned for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir. 1986).
 
 
 7
 Accordingly, Whitt's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.